**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Aaron Clarke, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 16 C 50320 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| John Varga et al, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

For the following reasons, defendant's 28 U.S.C. § 2254 motion [1] is denied. The court declines to issue a certificate of appealability. This matter is terminated.

**STATEMENT-OPINION**

On October 11, 2016, petitioner Aaron Clarke filed a 28 U.S.C. § 2254 petition challenging his Illinois conviction for aggravated kidnapping and conspiracy to commit aggravated kidnapping, arguing that the Illinois appellate courts applied the wrong legal standard in his appeals with regard to his claims: (1) that hearsay testimony regarding his co-conspirators' statements was improperly admitted into evidence in his criminal trial; and (2) the jury was given an improper instruction at his trial. *See* [1]. On February 27, 2017, respondent filed the state court record [9] and an answer to the petition, arguing that that petitioner's claims were noncognizable, procedurally defaulted, and in any case without merit. *See* [8]. Petitioner was invited to file a reply but did not do so. These matters are now ripe for the court's review.

Only a brief recitation of the relevant factual and procedural background, derived from the state court record, is necessary. Petitioner and several co-conspirators kidnapped and beat Michael Johnson after Johnson stole marijuana from petitioner and one of the co-conspirators. Petitioner was arrested, indicted, and tried for kidnapping and conspiracy to kidnap. During the trial, the trial court admitted testimony from three witnesses concerning his co-conspirators' statements and actions regarding attempts to conceal the crime. During the instructions phase, the trial court gave the jury Illinois pattern jury instruction 5.04, defining the meaning of the defense of "withdrawal" from the offense. Petitioner was convicted and did not challenge the trial court's jury instruction of 5.04 in his post-trial motion.

Petitioner appealed and raised a number of arguments to the appellate court, including the claims he raises here. In relevant part, he argued to the appellate court that the witnesses' testimony regarding his codefendants' actions were improperly admitted. He also argued that the trial court improperly instructed the jury as to IPI 5.04, defining "withdrawal" from the offense. The appellate court held that petitioner had forfeited the IPI claim as a matter of state

law because he failed to raise it in his post-trial motion, and he failed to establish plain error to excuse his forfeiture because the instruction was correct as a matter of state law. The appellate court agreed with petitioner that the trial court had abused its discretion in admitting the hearsay testimony regarding the co-conspirators, but found that the error was harmless because there was overwhelming and independent evidence of petitioner's guilt. Thus, the appellate court affirmed with regard to the issues petitioner raises here, although it did vacate petitioner's conspiracy conviction on other grounds. Petitioner filed a PLA to the Illinois Supreme Court, raising the IPI and hearsay claims, but the PLA was denied.

Petitioner later filed a postconviction petition, raising ineffective assistance of trial counsel claims that he has not raised with this court. The trial court dismissed the petition, the appellate court affirmed, and petitioner did not file a PLA.

28 U.S.C. § 2254 limits a federal district court's ability to grant *habeas* relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2). . . "based on an unreasonable determination of the facts in light of the evidence presented. . ." 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

Here, petitioner argues that the Illinois Supreme Court applied the wrong standard of law in denying his PLA and affirming the appellate court's ruling on his hearsay and IPI claims. First, to the extend petitioner is challenging the Illinois Supreme Court's denial of his PLA, this is noncognizable on federal habeas review. *See Woods v. Chandler*, 2007 WL 3034427 (N.D. Ill. 2007). Next, petitioner's IPI challenge is not reviewable on federal habeas review because the state court denied it on an independent and adequate state law procedural basis. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). Moreover, his challenge as to the IPI instruction in state court and his argument here is in effect no more than a disagreement of state law, which is not cognizable on federal habeas review. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) (holding that "errors of state law in and of themselves are not cognizable on habeas review").

The same is true of petitioner's claim regarding the testimony of his co-conspirators' actions. Petitioner challenged the admission of the testimony as a matter of state evidentiary law, and the appellate court applied a state law harmless error analysis, making petitioner's claims not cognizable on federal review. *See id.*; *Aleman v. Sternes*, 320 F.3d 687, 691 (7th Cir. 2003) ("The state's court of appeals did not mention Chapman because it apparently did not think

2

that the federal Constitution had been violated. It applied a state-law standard of harmlessness to what it saw as an error of state law by the prosecutor."). Even assuming petitioner raised a constitutional claim, after reviewing the state court record, this court cannot find that the state appellate court made an unreasonable finding of fact in determining that the trial court's evidentiary error was harmless because the independent evidence of petitioner's guilt, including defendant's own statements and eyewitness testimony as to his presence during the kidnapping, was so strong that there is no "reasonable possibility" that the improperly admitted evidence did not contribute to his conviction. *See Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)); *Welch v. Hepp*, 793 F.3d 734, 738-39 (7th Cir. 2015) ("The state court's finding of harmless error here was not only reasonable but correct. . . . Because the evidence against [the petitioner] was so strong, the two statements he considers improper neither prejudiced him nor influenced the jury's verdict."). For the foregoing reasons, petitioner's claims must fail.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims, his claims are not cognizable or reviewable on federal habeas review, or otherwise without merit, and the court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 11/21/2017            ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

3